*Law Library*

FILED
~~RIOR~~ COURT
GUAM

~~MAY~~ 07 PM 3: 50

**IN THE SUPERIOR COURT
OF GUAM**

THE PEOPLE OF GUAM,　　　　　）　　CRIMINAL CASE No. CF 0506-10

）

）

v.　　　　　　　　　　）

）　　　　**DECISION AND ORDER**
　　　　　　　　　　）　　　　On Defendant's
STEVEN Q. RABAGO,　　　　）　　Application for Services, Fees & Costs

）

Defendant.　　　）

）

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on September 7, 2012 on Defendant's Application for Approval of Services, Fees and Costs for Defense Expert. The People of Guam were represented by Assistant Attorney General Elizabeth Vasiliades. The Defendant was represented by Assistant Public Defender Richard Dirkx. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's Application.

## FACTUAL HISTORY

The Defendant was indicted on one count of felony *Terrorizing* involving a *Special Allegation of Possession and Use of a Deadly Weapon* and one count each of misdemeanor *Family Violence* and *Assault*. The indictment arises from acts alleged to have taken place on August 18, 2010 and involving the Defendant's ex-girlfriend. In response to the charges, the Defendant placed his mental health at issue before the court and, based on his indigent status, motioned for appointment of an independent psychiatrist. On January 25, 2011 Presiding Judge Alberto C. Lamorena, III granted the Defendant's motion and authorized the Superior Court to

pay Dr. Martin Blinder to conduct the forensic psychiatric exam. Dr. Blinder currently lives in Hawaii and employing his services required not only paying for his time, but also for his travel and lodging expenses on Guam.

When the case was reassigned to the current judge, the Defendant again placed his mental health at issue before the court. A second forensic evaluation was then ordered through the court's Client Services and Family Counseling Division. The second evaluation was conducted by Dr. Kirk Bellis on March 12, 2012. The court incurred no additional travel or lodging expenses in employing Dr. Bellis as he currently resides and works on Guam.

The Defendant has now motioned the Court asking for additional monies to bring Dr. Blinder to Guam to testify as to his mental state at the time of the alleged crimes. The Defendant argues that he needs Dr. Blinder's input and advice prior to trial, but that he cannot afford to pay for his services and travel costs. The Defendant acknowledges that a second examination was conducted by Dr. Bellis, but offers little explanation as to why Dr. Bellis cannot testify on his behalf. The constitutional right to an independent psychiatric examination guarantees an indigent defendant "access to a competent psychiatrist." *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985). Because the Defendant has shown no reason why Dr. Bellis is not competent to testify on his behalf, the Court cannot approve the unnecessary and unjustified cost of bringing Dr. Blinder to Guam.

## DISCUSSION

The Defendant has motioned the Court for 'Approval of Services, Fees and Costs' for the medical expertise of Dr. Martin Blinder. In so motioning, the Defendant is not asking that he be allowed to call Dr. Blinder as a witness, but is instead asking that the Court pay for the doctor's services, lodging, and airline tickets for his travel to and from Guam. The basis for the

Defendant's request is that he has a right to ask the Court to pay for these expenses due to his indigent status. However, the court has already provided the Defendant with competent psychiatric assistance and, in so doing, has satisfied the requirements of the law.

## I.    *Guam Law Guarantees Appointment of a Qualified Psychiatrist*

Local laws guarantee defendants certain rights in criminal proceedings when they place their mental health at issue before the court. Guam law specifically guarantees that "Whenever a plea of not guilty by reason of mental illness, disease or defect is entered or a notice is given under § 7.22, the court *shall appoint at least one qualified psychiatrist* or other qualified person [] to examine the defendant and to report upon his mental condition." 9 GCA § 7.25(a)(emphasis added). The Defendant is further guaranteed that: "In addition to the expert witness appointed by the court, either party in a criminal action may retain other psychiatrists or other experts to examine the defendant and to report upon his mental condition." § 7.25(c). However, it is the "psychiatrists and other experts appointed by the court and those called by the prosecuting attorney" that may be paid for their "actual traveling expenses, [and] such fees as in the discretion of the court seem reasonable." § 7.25(d).

The Defendant does not dispute that the Court has provided him with at least one qualified psychiatrist. Nor is the Defendant asking to call Dr. Blinder as a witness on his behalf, which is a right guaranteed to him by law. Instead, the Defendant has motioned the Court arguing that the Court should pay for the psychiatrist of his choosing. This argument is not, however, supported by Guam law. Absent a showing that the Court appointed psychiatrist is unqualified to report upon the Defendant's mental condition, there is no requirement that the Court pay for an additional psychiatrist for the Defendant. The authorization of such additional expenses is at the discretion of the Court and is not currently viewed as reasonable.

## II.     *Constitutional Law Guarantees Appointment of a Competent Psychiatrist*

The U.S. Supreme Court has addressed the issue of appointing and paying for the services of independent psychiatrists for indigent defendants. The Court found that the constitutional principle of due process requires that States provide access to the assistance of a competent psychiatrist when a defendant's mental state is at issue and he cannot otherwise afford expert assistance. *Ake v. Oklahoma*, 470 U.S. 68, 69 (1985). The *Ake* Court held that "when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Id.* at 83. In the very next sentence of the opinion, the Court further clarified that "This is not to say, of course, that the indigent defendant has a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own. Our concern is that the indigent defendant have access to a competent psychiatrist for the purpose we have discussed, and as in the case of the provision of counsel we leave to the State the decision on how to implement this right." *Id.*

The Court has provided the Defendant with a competent psychiatrist. Dr. Bellis performed a forensic evaluation of the Defendant's mental health generally, as well as evaluating whether or not the Defendant understood his actions at the time of the alleged offense. Dr. Bellis acknowledged the Defendant's mental health history and recommended ongoing monitoring, but nonetheless found the Defendant competent to stand trial. In *Ake* the Supreme Court reversed the Defendant's conviction on a finding that he was denied *any* court appointed psychiatric assistance at trial. The Court also noted that because Ake was denied assistance, his sanity at the time of the offense was not properly addressed at trial. Neither of these issues are presented by

the facts at hand where the Defendant has been provided with a competent court appointed psychiatrist, who can testify as to his mental state at the time of the alleged crimes, and whom the court will continue to provide for the Defendant throughout the entirety of his criminal proceedings.

## CONCLUSION

Based on the foregoing, the court finds that there are insufficient grounds for paying for a second court appointed psychiatrist. The Court has paid for two independent psychiatric evaluations and continues to provide the Defendant access to a competent psychiatrist, as required by law. Accordingly, the court DENIES the Defendant's Application for Approval of Services, Fees, and Costs. Further Proceedings are set for _Nov 28,_ 2012 at 9am.

SO ORDERED, this _27_ day of November 2012.



HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

NOV 2 7 2012

Page 5 of 5